## Kennedy *against* Dale.

The waiver of the first challenge of a juror by each party, cannot be construed to be a waiver of the second also.

ERROR to the District Court of *Venango* county.

Samuel Dale and others against James Kennedy and others. When the jury were called into the box in this case, the plaintiffs having waived their first challenge, the defendants also waived theirs. The plaintiffs then offered to challenge a juror, *to* which the defendants objected. But the court, (Thompson, President), allowed the challenge, and the defendants excepted.

*Snowden* and *Riddle,* for plaintiffs in error, argued that the plaintiffs' waiver of the right to challenge was an assent to the whole jury as empannelled, and they could not afterwards challenge any one of them. 7 *Serg. & Rawle* 123; 11 *Serg. & Rawle* 153; 2 *Ashm.* 245.

*Pearson, contra.* A right to challenge a juror, so important to the administration of justice, will not be taken away by implication. The rule seems to be that a waiver is equivalent to a challenge, but it has never been supposed to be equivalent to two challenges.

PER CURIAM.—In *Patton* v. *Ash,* (7 *Serg. & Rawle* 116), it was said that the mode of alternate challenges being adopted, must be pursued to the end. And this mode, as it gives the parties a list of sixteen from which to choose, answers the end intended better than that of striking two by each from the original twelve; but the parties may certainly proceed in either way. But there is no reason to say the waiver of the first challenge by each should be a waiver of the second also. The parties might agree beforehand to reduce the right to a single challenge, and they do so in effect when each waives his first, reserving his second; for everything is reserved which is not expressly waived. An objectionable name might be discovered on the list after the first waiver, and it would be unjust to close the mouth of the party affected by it. Indeed, there is no reason why a party should be precluded by a waiver of the entire right on both sides, provided the panel had not been closed by swearing the jurors in the meantime, as each party might proceed on equal terms. The right is a valuable one, and ought not to be fancifully restricted.

Judgment affirmed.